IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
Civil No. 01-2305 (DSD/JMM)

North of Sixty, Inc.,
a Minnesota corporation,

Plaintiff,

vs.

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER FOR JUDGMENT**

Commando Air Transport Inc.,
et al.

Defendants.

The above matter came on for a hearing before the Honorable Joan Ericksen Lancaster, Judge of the District Court on September 30, 2002, at the request of Plaintiff for an entry of default judgment against defendants John Briggs, Darcy Woods and Garden Hills First Nation Native Band, pursuant to Rule 55 of the Federal Rules of Civil Procedure. Darren Knight of Knight & Hayano, PA, 14475 23rd Avenue North, Plymouth, MN 55447, appeared for the Plaintiff and moving party. Other appearances were noted for the record. Based on the arguments of counsel, the Affidavits submitted therewith and the Complaint and entire file herein, the Court makes the following:

FINDINGS OF FACT

1. Plaintiff is a Minnesota corporation that operates a fly-in fishing camp and resort in the Northwest Territories of the Province of Saskatchewan, Canada.

2. Defendants operate an air freight hauling business which services ventures and persons that require goods to be shipped to remote areas of Canada.

FILED NOV 22 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTERED NOV 22 2002
DEPUTY CLERK'S INITIALS

3. On or about April 17, 2000, the Plaintiff entered into a contract and agreement ("Contract") with the Defendants for air freight haul services to be completed from on or about June 6, 2001 through on or about June 17, 2001.

4. Defendants solicited and sold their air freight services to the Plaintiff by contacting Plaintiff at its office in Plymouth, Minnesota.

5. Defendants represented to Plaintiff that they were fully capable of meeting their obligations pursuant to the agreement and contract. Defendants understood the nature and necessity of the air freight services that the Plaintiff required, and that the air freight services were time sensitive and essential to the operation of our fishing camps. Defendants knew that the Plaintiff would rely on their representations that they were fully capable of meeting their air freight haul obligations to Plaintiff.

6. Defendants Garden Hills First Nation Native Band, Darcy Wood, Cliff Sable and John Briggs represented to Plaintiff that they were principals of Defendant Commando and claimed ownership of Defendant Commando. Said defendants contacted Plaintiff at its office in Plymouth, Minnesota to make such statements and representations.

7. Defendant Commando Air Transport, Inc. does not exist as a Canadian corporation. Defendants above named owned and operated and continue to own and operate Defendant Commando Air Transport, Inc. as a business enterprise that is not a corporation. Defendants are personally liable for the damages due and owing Plaintiff. Defendants are in default and have breached their contract with Plaintiff.

8. Defendants, and each of them, made promises, representations and statements to Plaintiff that were false and fraudulent regarding their ability to perform air

freight haul services, and that, said Defendants knew that said promises, representations and statements were false when they were made directly to Plaintiff.

9. Defendants did not provide the air freight haul services that they agreed to. Further, the Plaintiff paid the Defendants Six Thousand and Six Hundred and No/100s Dollars ($6,600.00) for which we have received nothing. Defendants failed and refused to reimburse the sums the Plaintiff paid them and failed and refused to provide any service. At considerable expense, the Plaintiff was forced to seek alternative air freight haul services. To the detriment of the Plaintiff, some of the air freight haul services required were never completed and some supplies never reached its fishing camps.

10. That due to the default and breach by the Defendants named above, the Plaintiff has suffered damages in the amount of Ninety Thousand and No/100s Dollars ($90,000.00).

11. That the Summons and Complaint herein was duly served on Defendants as follows: Defendant John Briggs on February 19, 2002; Defendant Darcy Woods on February 14, 2002; and, Garden Hills First Nation Native Band on February 14, 2002. The time allowed by law and specified in said Summons for defendants to answer Complaint has elapsed, and no answer or other pleading has been received by or served upon Plaintiff or its counsel.

CONCLUSIONS OF LAW

1. The contract between the parties as alleged by Plaintiff in its Complaint, is enforceable in accordance with its terms.

2. Pursuant to the terms of the contract and agreements between the parties and the breach thereof by defendants, there is due and owing to Plaintiff damages in the amount of $96,600.00.

3. Defendants John Briggs, Darcy Woods and Garden Hills First Nation Native Band, having been served with the Summons and Complaint herein, have failed to answer or otherwise appear in this action and accordingly, said defendants are in default herein.

Based upon the above findings of fact and conclusions of law,

IT IS HEREBY ORDERED THAT:

Judgment shall be entered against Defendants John Briggs, Darcy Woods and Garden Hills First Nation Native Band, and in favor of Plaintiff, in the total amount of Ninety-Six Thousand Six Hundred and No/100s Dollars ($96,600.00), plus costs and disbursements.

BY THE COURT:

Dated: Nov 21, 2002

Joan Ericksen Lancaster
United States District Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995